ANDREW COUNTY, Plaintiff in Error, v. OLIVER H. P. CRAIG et al., Defendants in Error.

*Swamp Lands—Tender of Deed.*—By the fourth section of the act concerning swamp lands (Acts 1850–1, p. 239), the county is not required to tender a deed before demanding or suing the purchaser of such lands for the amount due upon his purchase.

*Error to Andrew Circuit Court.*

*Aikman Welch*, attorney general, for appellant.

I. The court erred in refusing to give the third instruction asked for plaintiff, and also in giving the instruction which it did on its own motion. This instruction given by the court is erroneous in this—that it denies the plaintiff's right of recovery on the bond sued on; first, unless plaintiff had a title " before the maturity of the note ;" and second, unless plaintiff had tendered a deed " before the institution of the suit." Both of these propositions are erroneous. On the first proposition, see Johnson v. Purvis, 1 Hill, S. C., 208 ; Martin v. Bobo, 1 Spears, S. C., 26 ; Thomson v. Miles, 1 Esp. 183 ; 1 Sugd. on Vend. ; Gregson v. Riddle, before Lord Thurlow, 1784, cited 7 Vesey, 267.

On the second proposition, see the above authorities and also Bailey v. Clay, 4 Rand., Va., 346; Serg. Wms.' note in Pordage v. Cole, 1 Sand. 320 ; Leftwitch v. Coleman, 3 How., Miss., 167 ; Rector v. Price, 6 Ala. 321 ; Lucas v. Clemens et al. 7 Mo. 367 ; Guest v. Homfray, 5 Vesey, 818, 823.

But the instruction is also erroneous in this—that it excludes from the jury all consideration of the question of a waiver by the respondents of any right to insist on plaintiff having a title by the maturity of the note, a right which respondents insist upon in their answer and the court in its instruction (but erroneously), when there was abundant evidence of such waiver then before the jury and unexcluded ; since, although the note matured July 6, 1858, yet the petition avers, and the respondents admit by not denying, a payment on said note by respondents on the 22d day of March, 1859, of $120.83, which is nearly one year *after the maturity of the note*, thus waiving any right to claim a forfeiture of the contract, at least up to the time of such payment, by reason of plaintiff's supposed failure to obtain title by *the maturity* of the note.   (Langford v. Pitt, 2 P. Wms. 630 ; Coffin v. Cooper, 14 Vesey, 205 ; Seaton v. Steele, 7 Vesey, 265 ; The Dutch Church v. West, 7 Paige, 37 ; Brown v. Hoff, 5 Paige, 235 ; Winne v. Raymond, 6 Paige, 407 ; Cotten v. Ward, 3 Monr. 313 ; Jones v. Robbins, 29 Me. 351 ; Boehm v. Wood, 1 Jac. & Walk. 420 ; Levy v. Linde, 3 Meriv. 81 ; Hunter v. Daniel, 4 Hare, 420.)

II. The intention of the parties, as gathered from the entire transaction, is the first rule in the construction of contracts ; other rules are subservient to this, and, when they contravene it, are to be disregarded. (Gray v. Clark, 11 Vt. 583 ; Kelly v. Mills, 8 Ham. 325 ; Patrick v. Grant, 2 Shep., Me., 233 ; Morey v. Homan, 10 Vt. 565 ; Hollingsworth v. Fry, 4 Dallas, 345.)

*H. M. & A. H. Vories*, for respondents.

There are three exceptions taken by the plaintiff in this case, and yet there is but one point involved necessary to be considered by this court, which is : Was it necessary for the plaintiff in this case to have tendered a deed to the defendants for the lands which formed the consideration of the bond upon which the suit was brought ?   It is insisted by the defendants that this was necessary, and the court below so in-

structed the jury. If this instruction was right, there is no pretence of an error in the case.

In order to a proper understanding of this case, the bond sued on and the certificates of purchase read in evidence must be construed as one instrument. When thus construed, it will be found that the purchase is a conditional purchase, the condition being that the defendants will pay the money upon the condition that the county obtain title to the land; otherwise, the bond is to be void.

The defendants contend that the true construction of this is, that the county should obtain the title before or at the time the bond becomes due; and although there is no express promise or covenant on the part of the county to convey to the defendants, yet in effect it is a promise to convey the title to the purchasers at the time that the money is to be paid. And hence the plaintiff, to recover, should allege in his petition and prove on the trial—

1. That she, at the time the bond became due, had procured a good and sufficient title to the lands.

2. That she had either conveyed or offered to convey the lands to defendants; in other words, that the contract of the defendants to pay the money, and the covenant or promise of plaintiff, were concurrent dependent promises or covenants. (For which, see Magaw v. Lathrop, 4 Watts & Serg. 316; Chit. on Cont., t. pp. 745, 747, 748 & 749, and notes and cases cited; Cunningham et al. v. Morrell, 10 Johns. 203; Freeland v. Mitchell, 8 Mo. 487; Fletcher v. Cole, 23 Vt. 114; Syme v. Steamboat Indiana, 28 Mo. 335.)

DRYDEN, Judge, delivered the opinion of the court.

This is a suit for the debt and interest remaining unpaid on a bond given by the defendants for five thousand eight hundred and eighty-seven dollars and seventeen cents, payable at twelve months, to the County of Andrew, for the price of certain swamp lands sold to the defendants Craig and Abney by the sheriff, under an order of the County Court. At the time of the sale the sheriff executed to the purchasers

certificates of purchase, by which he stipulated (without any authority whatever, so far as appears) to the effect that if the county failed to get a good title to the lands, the bond for the purchase money, as well as the certificates of purchase, were to be void.

The defendants answered, setting up the agreement evidenced by the certificates of the sheriff, and denying that the county had acquired any title to the lands, or any of them, and insisting there was a failure of the consideration of the bond. Another ground of objection to the plaintiff's recovery, urged in the answer, is that the plaintiff had not, before the institution of the suit, made or offered the defendants any deed for the lands so sold.

On the trial, the bonds and certificates were read in evidence. The plaintiff also read a list of lands, including those sold, certified by the secretary of State to the clerk of the Andrew County Court, as swamp lands of said county, which was shown to have been filed by the clerk in his office on the 22d of May, 1858, before the bond became due.

At the close of the evidence, the court, of its own motion, instructed the jury in effect, that, although the plaintiff had shown a good title to the lands sold, yet, inasmuch as there was no evidence to show that the plaintiff had made or tendered a deed to the defendants for the said lands before the institution of the suit, the plaintiff could not recover. The plaintiff, on the giving of said instruction by the court, of necessity suffered a non-suit, which she afterwards moved to set aside; but the motion was overruled, and the case is brought here by writ of error.

The only question in the case is involved in the instruction: Was the tender of a deed prior to the bringing of the suit necessary to enable the plaintiff to maintain its action? The principle upon which the instruction of the court is based, however applicable to ordinary contracts made under the general law of the land, has no application to cases like the one at bar. The sale of the lands in this case was under a special law, applicable to an isolated class of property, with

rules for the conveyance of the title defined and peculiar to itself; and parties purchasing property under it must be held to have made their contracts in subordination to its provisions. By the provisions of an act concerning swamp lands, approved March 3, 1851 (Sess. Laws 1850–1, p. 238), power is given the County Courts to order their sheriff to sell. By the fourth section of the act, p. 239, it is enacted that "*whenever full payment* shall be made for any of said lands by the purchaser thereof, the County Courts shall cause the same to be certified to the governor, who shall thereupon grant to the purchaser, his heirs or assigns, a patent for the same, which patent shall be signed by the governor, countersigned by the secretary of State, and be recorded in the office of the secretary of State."

The county was under no obligation to make or tender a deed before suit brought, and the instruction was therefore erroneous, and the non-suit ought to have been set aside.

The judgment of the Circuit Court is reversed and the cause remanded, with directions to proceed with the case in conformity with this opinion. Judge Bates concurs. Judge Bay did not sit in the case.